Birch v. Wlody

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-two.

PRESENT:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges.*

---

BIRCH FAMILY SERVICES, INC.,

> *Plaintiff-Appellant*,

v.                                                                            21-1553

JACK WLODY, CORINNE WLODY,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:          Robert L. Schonfeld, Garden City, NY.

FOR DEFENDANTS-APPELLEES:          E. Christopher Murray, Uniondale, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Birch Family Services, Inc. ("Birch") operates one-half of a residence in Queens as a home for adults with disabilities (the "Birch Home"). Jack and Corinne Wlody live in the other half of the residence and want the Birch Home shut down. For over five years, the Wlodys photographed and videotaped Birch's disabled residents and African-American staff to document excessive noise, alleged abuse of the residents, and other complaints. The Wlodys' complained to Birch and the local government, and they sued Birch in state court. Right before a settlement conference, Birch served the Wlodys with the complaint in this action, claiming that the Wlodys' harassing conduct amounts to housing discrimination based on the disabilities of the residents and the race of the staff in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3617, and the New York City Administrative Code § 8-107(19).

The Wlodys moved for summary judgment, and the district court granted their motion. The district court concluded that although Birch made out a prima facie case of discrimination, the Wlodys offered a nondiscriminatory reason for their conduct, and Birch failed to offer evidence that the Wlodys' reason was pretextual. After dismissing Birch's FHA claim, the district court also dismissed the state law claim on the merits. Birch appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the entry of summary judgment *de novo*, "construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in [the nonmoving party's] favor." *McElwee v. County of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). The FHA prohibits housing discrimination based on, among other protected characteristics, disability or

race. FHA claims are analyzed under the burden-shifting framework of *McDonnell Douglas*. *See Frazier v. Rominger*, 27 F.3d 828, 831 (2d Cir. 1994).

We agree with the district court that the Wlodys met their burden of offering legitimate, nondiscriminatory reasons for their conduct, and that Birch did not meet its burden of showing that the Wlodys' reasons were pretextual. The Wlodys' proffered reason for videotaping and photographing the Birch residents and staff was "solely to document wrongful conduct in the Birch Home," including "[Birch's] staff abusing and not supervising the residents, noise complaints, littering, idling vehicles in the street, and cars blocking the [Wlodys'] driveway." Sp. App'x 20. The Wlodys supported this reason with evidence.[1] They thus satisfied their "minimal burden of production." *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 613 (2d Cir. 2016); *see Dister v. Cont'l Grp., Inc.*, 859 F.2d 1108, 1115 (2d Cir. 1988) (a defendant is "required to articulate—but not prove—a legitimate, nondiscriminatory reason for the [adverse action]").

---

[1] *See, e.g.*, App'x 45 (Jack Wlody affidavit stating that when his complaints about Birch "fell on deaf ears," he and Corrinne "began videotaping the behaviors of the staff and the interference with [their] living arrangement"); *id.* (Jack Wlody affidavit stating that "[t]hese videos were not taken to intimidate the residents because of their disabilities, but to record the wrongful conduct of the Birch staff"); *id.* at 46 (Jack Wlody affidavit stating that "[t]hough I am concerned with how Birch's conduct has affected my ability, and the ability of my wife and mother, to enjoy our home, I am also motivated by the fact that I believe the staff at the Birch facility are abusing the residents"); *id.* at 41 (Corinne Wlody affidavit stating that "we observed staff abusing the residents at the Birch facility, and engaging in behavior that clearly infringed upon the use of our home," and "[t]he Birch staff would park their cars so as to block our driveway, had parties at all hours of the night, and would scream and yell at the residents-using vulgar terms such as calling them retards and savages, and would spew garbage over our lawn"); *id.* (Corinne Wlody affidavit stating that "the Birch staff does not properly supervise the residents," they "allow residents to wander the neighborhood alone" and "leave the residents in running cars unattended"); *id.* at 41–42 (Corinne Wlody affidavit stating that "[t]hese videos were to document the wrongful conduct by Birch" and "[t]here was no desire to intimidate or embarrass the residents of the Birch facility, but to the contrary, we were trying to protect them"); *id.* at 282–83 (email from the Wlodys to Birch complaining about garbage, their blocked driveway, and noise); *id.* at 285 (email from the Wlodys to Birch complaining about their blocked driveway and noise); *id.* at 303 (email from Corinne Wlody to Birch complaining that a resident "was screaming bloody murder," causing a client to get scared and think "someone was being abused"); *id.* at 320 (photographs of cars double parked); *id.* at 423–65 (video log).

The burden then shifted to Birch to prove that the Wlodys' articulated reasons for their conduct was pretext for discrimination. *See Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003). Birch points to the video log and asserts that "none of those videos support [the Wlodys'] position that the Birch staff engaged in wrongful conduct." Appellant's Br. 26. But the log supports many of the Wlodys' articulated reasons for their conduct. *See, e.g.*, App'x 430 (staff not supervising residents); *id*. at 426 (noise); *id*. at 430 (littering); *id*. at 428 (idling vehicles in the street); *id*. (cars blocking driveway). And Jack Wlody testified in his deposition that he witnessed "abuse outside the Birch residence." *Id*. at 507; *see also id*. at 521 (email from Wlodys to the New York Attorney General Public Integrity Bureau asserting that Birch residents "are being abused"); *id*. at 523 (same email to New York State Senator Joseph Addabbo, Jr.).

The only evidence that Birch cites of discriminatory animus related to the disabled residents involves Corrine: first, she texted Birch stating "[i]t is as though we have moved into a psych ward of a hospital," *id*. at 475–76, and second, she texted "[w]e feel like we live next to an asylum," *id*. at 477–78. And the only evidence Birch cites of discriminatory animus related to the African-American staff involves Jack and Corinne allegedly using derogatory racial epithets to refer to Birch's African-American staff. *See id*. at 402, 526. But this evidence, combined with the fact that Birch did not show that the Wlodys' proffered reasons were unworthy of credence, leads to the conclusion that no rational jury could find that the Wlodys' conduct of taking pictures and videos was motivated by unlawful discrimination by a preponderance of the evidence. *See Mitchell*, 350 F.3d at 47. We thus find that Birch did not meet its burden of demonstrating pretext and affirm the district court's entry of summary judgment on Birch's FHA claim.

Finally, the district court properly dismissed Birch's state claim on the merits. It could do so in the exercise of its discretionary supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), (c), and

doing so was efficient, as the standard for adjudicating a housing discrimination claim under New York City Administrative Code § 8-107(19) is the same as under the FHA, *see Haber v. ASN 50th St. LLC*, 847 F. Supp. 2d 578, 588 (S.D.N.Y. 2012).

We have considered the remainder of Birch's arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court